| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1: | Phuc Ngoc Doan<br>First Name    Middle Name    Last Name | Social Security number or ITIN: | xxx–xx–2623 |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN: | _ _ _ _ |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court: | Southern District of California | Date case filed for chapter: | 13    5/12/22 |
| Case number: | 22–01245–MM13 | | |

Official Form 309I
## Notice of Chapter 13 Bankruptcy Case

12/15/20

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court. Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | Phuc Ngoc Doan | |
| 2. | **All other names used in the last 8 years** | aka Greenland Real Estate | |
| 3. | **Address** | 8888 Clairemont Mesa Blvd. #C<br>San Diego, CA 92123 | |
| 4. | **Debtor's attorney**<br>Name and address | Phuc Ngoc Doan<br>8888 Clairemont Mesa Blvd. #C<br>San Diego, CA 92123 | Email None |
| 5. | **Bankruptcy trustee**<br>Name and address | Thomas H. Billingslea<br>402 West Broadway, Suite 1350<br>San Diego, CA 92101 | Contact phone (619) 233–7525<br>Email: Billingslea@thb.coxatwork.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.casb.uscourts.gov. | Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101–6991 | Hours open:<br>8:30am – 4:30pm<br><br>Contact phone 619–557–5620 |

Official Form 309I                    Notice of Chapter 13 Bankruptcy Case                    page 1 For more information, see page 2

Debtor **Phuc Ngoc Doan**                                                                                   Case number **22–01245–MM13**

| # | | | |
|---|---|---|---|
| 7. | **Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **June 17, 2022 at 09:30 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:** **To access the telephonic 341 meeting, call 866–794–1889 and enter, passcode 8725230# when prompted** |
| 8. | **Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** **You must file:** • a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or • a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 8/16/22** |
| | | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 7/21/22** |
| | | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 11/8/22** |
| | | **Deadlines for filing proof of claim:** A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.casb.uscourts.gov/sites/casb/files/documents/forms/410.pdf or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 9. | **Filing of plan** | The debtor has not filed a plan as of this date. A copy of the plan and notice of the hearing on confirmation will be sent separately. | |
| 10. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 11. | **Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.casb.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| 13. | **Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. | |

Debtor **Phuc Ngoc Doan**                                                                                                          Case number **22−01245−MM13**

## DISMISSAL OF CASE

Notice is given that this case will be dismissed if the debtor(s) fails to pay filing fees pursuant to the Federal Rules of Bankruptcy Procedure 1006(b). Also, notice is given that the case may be dismissed if the petition was filed by an unrepresented debtor without including a legible photocopy of the filer's government issued photo identification (such as driver's license or passport). This dismissal may occur without further notice.

Furthermore, notice is given that if the Debtor fails to file schedules and statements required by the Federal Rules of Bankruptcy Procedure 1007, a Chapter 13 plan required by the Federal Rules of Bankruptcy Procedure 3015, or if the Debtor or Joint Debtor fails to appear at the scheduled §341(a) meeting that the Court, Trustee or U.S. Trustee may move for dismissal of case without further notice to the Debtor or Creditors. A party in interest may object to the motion for dismissal at the §341(a) meeting, at which time a hearing on the objection will be scheduled.

## PLAN and CLAIMS INFORMATION

In order to participate in the distribution of any dividend, a creditor must file a claim, even if the creditor is not on the list of creditors. Claims not filed by 7/21/22 will not be allowed except as provided by law.

A hearing on confirmation of the plan will be held only if written objections to confirmation (form CSD 1172) and Notice of Hearing (form CSD 1173) are timely filed with the Clerk, Bankruptcy Court, pursuant to Local Bankruptcy Rule 3015. If no objection is filed, the plan may be confirmed without further notice and will be binding on all creditors. The Court may authorize attorney fees that are in compliance with the Chapter 13 Fee Guidelines (G.O. 173) unless written objection is filed. A copy of the Guidelines is available on the internet at:

http://www.casb.uscourts.gov/pdf/Ch13Atty_fee_guidelines.pdf

Objections to the confirmation of the plan, together with the notice of hearing required by Local Bankruptcy Rule 3015−5 and proof of service are required to be filed and served no later than seven (7) days after the conclusion of the 341(a) meeting.

You may obtain a hearing date and time by calling the Courtroom Deputy at 619−557−7407.

## SPECIAL NOTICE TO DEBTORS

If the Debtor failed to file complete schedules and/or a plan at the time this notice was prepared, the Debtor is required to notice all creditors (CSD 1101) pursuant to Local Rule 1007−4 by sending them a copy of the schedules and/or the plan.

The Trustee requires that Debtor(s) show a government (picture) ID and evidence of their social security number at the 341(a) Creditor's Meeting.

## NOTICE OF FILING OF FINANCIAL MANAGEMENT COURSE CERTIFICATE

Notice is given that this case will be closed with no discharge if the debtor(s) fail to file the required Certificate of Debtor(s) Education in Personal Financial Management Course no later than the last payment made by the debtor as required by the plan or the filing of a motion for entry of a discharge under § 1328(b).

## BANKRUPTCY FRAUD

If you have information regarding any bankruptcy fraud or abuse, please contact the United States Trustee in writing at 402 West Broadway, Suite 600, San Diego, CA 92101 and/or by calling 619−557−5013.

Dated:  5/12/22

For the Court:
Michael Williams
U.S. Bankruptcy Court